Keith W. **CANDLER**, Plaintiff–Appellant,

v.

**HAMMONS**, Correctional Officer, Defendant–Appellee.

No. 13–16632.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2014.*

Filed Aug. 22, 2014.

Keith W. Candler, Represa, CA, pro se.

Tracy S. Hendrickson, Supervising Deputy Attorney General, AGCA–Office of the California Attorney General, Sacramento, CA, Kevin Allen Voth, Deputy Attorney General, California Department of Justice, San Francisco, CA, for Defendant–Appellee.

Before: SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Keith W. Candler, a California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs.[1] We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir.2006). We may affirm on any basis supported by the record, *Johnson v. Riverside Healthcare Sys., LP,* 534 F.3d 1116, 1121 (9th Cir.2008), and we affirm.

Summary judgment was proper because Candler failed to raise a genuine dispute of material fact as to whether Hammons was deliberately indifferent to his asthma and breathing problems. *See Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (a prison official is deliberately indifferent only if he or she "knows of and disregards an excessive risk to inmate health"); *see also Lemire v. Cal. Dep't of Corr. & Rehab.,* 726 F.3d 1062, 1084 (9th Cir.2013) (defendants "did not act with deliberate indifference toward [the prisoner] as they reasonably relied on the expertise of the prison's medical staff"); *Jett,* 439 F.3d at 1096 (if the harm is an isolated exception to the prisoner's overall treatment, it ordinarily militates against a finding of deliberate indifference).

The district court did not abuse its discretion by denying Candler's motion for appointment of counsel because Candler failed to demonstrate exceptional circumstances. *See Palmer v. Valdez,* 560 F.3d 965, 970 (9th Cir.2009) (setting forth standard of review and requirement of "exceptional circumstances" for appointment of counsel).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1.  Candler filed his complaint and appeal under the name "Keith Candler." However, he is imprisoned under the name "Keith Chandler." Candler's prison medical records and many of the documents filed in the district court, including the relevant district court orders, refer to Appellant as "Keith Chandler."

